IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEWANE D. FRASE, as Special Administrator
of the Estate of Douglas Frase, deceased, and
CAROLE L. FRASE,

                              Plaintiffs,                        OPINION AND ORDER

        v.                                                       19-cv-273-wmc

ASHLAND LLC, BP PRODUCTS NORTH AMERICA,
INC., EXXON MOBIL CORPORATION, FOUR STAR
OIL AND GAS COMPANY (f.k.a. GETTY OIL
COMPANY), SHELL CHEMICAL L.P., SHELL OIL
COMPANY, SUNOCO (R&M), LLC, TEXACO
DOWNSTREAM PROPERTIES, INC., UNION OIL
COMPANY OF CALIFORNIA d/b/a UNOCAL
CORPORATION,

                              Defendants.

In an earlier opinion and order, this court dismissed plaintiffs' complaint for failure to state a claim, while permitting plaintiffs an opportunity to address the identified deficiencies by proposed amendment.  (Dkt. #59.)  Plaintiffs have since done so by attaching a proposed, amended complaint to a motion for leave to file.  (Dkt. #60.) Although defendants oppose this new complaint on the grounds that plaintiffs have not satisfied the requirements of Rule 15 or 16 (dkt. #64), the court will grant plaintiffs' motion for the reasons discussed below and reset the schedule, including a deadline to answer.

BACKGROUND AND PROCEDURAL HISTORY

In this products liability case, plaintiffs maintain that Douglas Frase died as a result of his exposure to certain "Benzene-Containing Products" during the course of his

employment at a tire plant.  Plaintiffs initially named nine defendants who allegedly were the "designers, producers, manufacturers, distributers, sellers, suppliers, deliverers, handlers, marketers, advertisers, instructors, and [others]" responsible for "plac[ing] into the stream of commerce" the products that caused Frase's death.[1]

Shortly after plaintiffs filed this lawsuit, four of the nine named defendants -- referred to here as the "Group A defendants" -- moved to dismiss plaintiffs' claims against them due to improper service and lack of personal jurisdiction.  Rather than oppose this motion, plaintiffs filed a notice dismissing the Group A defendants.  Next, in July of 2019, plaintiffs moved for leave to file an amended complaint which again named all nine of the original defendants, including the previously dismissed Group A defendants, apparently with the plan to perfect service.  In response, *all* defendants then moved to dismiss plaintiffs' operative complaint.

Taking up the parties' motions, the court dismissed plaintiffs' then-operative complaint on the grounds that plaintiffs failed to identify adequately the allegedly defective products at issue as required by Wis. Stat. § 895.046.  (Opinion & Order (dkt. #59).)  Moreover, because plaintiffs' proposed amended complaint at that time was substantively identical to their operative complaint, having simply added back in the Group A defendants, the court also denied plaintiffs' motion for leave on the grounds that the amendment would have been futile.  (*Id.* at 18-19.)  Still, the order specified that the dismissal was without prejudice and gave plaintiffs 21 days to seek leave to file an amend

---

[1] Plaintiffs also named an additional ninety-five, fictitious defendants in their original lawsuit, but do not pursue claims against those defendants in their proposed amended complaint.  (*See* Proposed Am. Compl. (dkt. #61).)

2

complaint and also provided for a tolling of the statute of limitations.  (*Id.* at 12.)  The court further added that plaintiffs did "not get carte balance to start from scratch," identifying a number of claims and arguments that plaintiffs had specifically waived and would not be permitted to resurrect.  (*Id.*)  Now, plaintiffs have filed a new, proposed amended complaint, claiming that they have cured the deficiencies previously identified by the court.

OPINION

In a lengthy brief, defendants argue that the court should deny plaintiffs' motion for leave to amend (and put an end to this case) because plaintiffs failed to exercise due diligence, have improperly expanded the scope of their original complaint in contravention of the court's order, and are acting in bad faith.  Notably, however, defendants do *not* argue that plaintiffs' proposed amended complaint fails to correct the deficiencies identified by the court in its previous opinion and order.

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to a party wishing to amend its pleadings "when justice so requires."  *See also Soltys v. Costello*, 520 F.3d 737, 742-43 (7th Cir. 2008) (discussing Rule 15(a)(2) standard).  However, Rule 16(b)(4) provides that a court's scheduling order may be modified "only for good cause and with the judge's consent."  Recognizing "some tension" between these two standards, the Seventh Circuit instructs that district courts are "entitled to apply the heightened good-cause standard of Rule 16(b)(4) *before* considering whether the requirements of Rule 15(a)(2) [are] satisfied."  *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) (emphasis added).

3

Accordingly, the court first addresses defendants' assertion that the court should deny plaintiffs' amended complaint because it would modify the scheduling order without good cause shown. (Defs.' Opp'n (dkt. #62) 2.) However, the court has already modified the scheduling order *twice*, originally when it specifically gave plaintiffs 21 days to file an amended complaint, and again when it granted defendants' motion to vacate the scheduling order. (*See* dkts. #59, 71.) Thus, granting plaintiffs' *present* motion for leave to amend requires *no* modification of the court's scheduling order under Rule 16. Indeed, plaintiffs have timely filed their motion for leave to amend within the 21 day window set by the court, and thus, need not show "good cause" for the court to grant their motion.

This leaves the second question: whether permission to amend should be granted because "justice so requires." Fed. R. Civ. P. 15(a)(2). As noted, although such a motion is not *automatically* granted, a party should be allowed to amend its pleadings "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants contend that "[j]ustice in this case does not require granting Plaintiffs the functional equivalent of a 'do-over.'" (Defs.' Opp'n (dkt. #64) 3.) Specifically, they complain that plaintiffs do not explain why they failed to offer the additional factual allegations now included in the proposed amended complaint until now, including the specific products at issue. (*Id.* at 4-8.) The court shares defendants' puzzlement as to the reasons, if any, for plaintiffs' failure to identify the specific products at issue earlier,

especially as they appear to have been aware of these products codes for some time.  (*See* Pls.' Opp'n to Defs.' Mot. to Dismiss (dkt. #19) 5; Hughes Decl., Ex. B (dkt. #65).) However, "[d]elay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, 'the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing.'" *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (quoting *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002)).  And defendants here assert no more than that undue delay will "[a]t some point" prejudice the opposing party or place a burden on the court.  (Defs.' Opp'n (dkt. #64) 8.)  Given defendants' failure to specify any actual prejudice caused to them, the court will not prohibit plaintiffs' from amending their complaint simply because of some delay in doing so.  *See Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) ("[D]elay in itself does not constitute a sufficient basis for denying a motion to amend.").

Defendants next argue that the motion to amend should be rejected because plaintiffs' expert reports "conclusively demonstrate that Plaintiffs have no case."  (Defs.' Opp'n (dkt. #64) 14.)  More specifically, defendants argue that plaintiffs' expert reports: (1) contain *no* opinions with respect to defects in the design or manufacturing of the alleged products; (2) opine that Frase's employer (who is not a defendant) *was* knowledgeable about the danger of the products at issue, suggesting defendants owed no duty to warn Frase directly; (3) contain opinions regarding causation that remain focused *only* on the product "benzene," as opposed to benzene derivatives or specific products containing benzene -- a claim plaintiffs had previously identified and this court had already dismissed

with prejudice. (*Id.* at 14-28.) Finally, according to defendants, the lack of any factual support for these claims also shows that plaintiffs brought them in bad faith, warranting a denial of plaintiffs' motion for leave to amend.

While a motion for leave to amend may be denied on the grounds that it is brought in bad faith and lacks factual support, *Ferguson v. Roberts*, 11 F.3d 696, 706-07 (7th Cir. 1993), the court does agree with defendants that such grounds are present here. In response to defendants' arguments, plaintiffs cite to various portions of the expert reports which, they argue, provide factual support for their claims. (Pls.' Reply (dkt. #70) 8-18.) At the least, this evidence shows that plaintiffs' claims have some arguable, factual basis and are brought in good faith. While defendants may ultimately prevail in proving that plaintiffs' expert reports and other evidence cannot support judgment in plaintiffs' favor, the court need not resolve these disputed issues of fact at this stage, nor would it be appropriate to do so.

Defendants also offer a more pointed objection against specific products identified in plaintiffs' proposed amended complaint, arguing that this court limited plaintiffs to proceeding on claims related to two products -- Rubber Solvent, SO-124 (later SV-797) and Solvent Blends, SO-149 (later SV-749) -- while plaintiffs' purported amended complaint impermissibly includes allegations related to other products. (Defs.' Opp'n (dkt. #64) 10-11.) This argument is premised on a misunderstanding of the court's earlier order. Rather than *precluding* a challenge to other products, the two product codes identified by defendants were discussed by the court in its prior order as follows:

> In fairness to plaintiffs, the court recognizes that this argument may be somewhat disingenuous in light of their

6

> acknowledgement that Uniroyal maintained specific codes for
> "Rubber Solvent" and "Solvent Blends." (*See, e.g.,* Ashland
> Reply (dkt. #21) 15 ("The Uniroyal code for 'Rubber Solvent'
> was SO-124 (later SV-797) and the code for 'Solvent Blend'
> was SO-149 (later SV-749).").)

(Opinion & Order (dkt. #59) 8-9.)  However, nothing in this discussion limited plaintiffs

to proceeding only as to these two product codes discussed, and nowhere else does the

court suggest that it was imposing such a limitation.  Accordingly, defendants' attempt to

twist this court's previous order to limit plaintiffs' amended complaint is rejected.

Finally, defendants argue that plaintiffs' proposed amended complaint against the

Group A defendants would be futile because the statute of limitations has lapsed against

them.  (Defs.' Opp'n (dkt. #64) 9-10.)  However, the statute of limitations amounts to an

affirmative defense, meaning defendants would have the burden of proving its applicability,

while plaintiffs can "by inadvertence or otherwise, create or concede an affirmative defense

fatal to its validity."  *Robinson by Robinson v. Mount Sinai Med. Ctr.*, 137 Wis. 2d 1, 16, 402

N.W.2d 711 (1987) (quoting *Thomas v. Kells*, 53 Wis.2d 141, 145, 191 N.W.2d 872

(1971)).  In this case, plaintiffs' complaint alleges that Mr. Frase died on November 7,

2016, and defendants contend that the statute of limitations expired three years *after* this

date, on November 7, 2019.  (Defs.' Opp'n (dkt. #64) 9-10.)

At least two problems exist with defendants' assertion of this three-year limitation

period.  First, it remains to be seen if November 7, 2019, reflects the date that the statute

of limitations ran out on plaintiffs' claims.  Under Wisconsin law, "a cause of action does

not accrue until the nature of the injury *and* the cause -- or at least a relationship between

the event and injury -- is or ought to have been known to the claimant."  *Borello v. U.S. Oil*

*Co.*, 130 Wis. 2d 397, 406-07, 388 N.W.2d 140 (1986).  Plaintiffs' allegation that Mr. Frase died on November 7, 2016, does not concede that plaintiffs discovered the relationship between the cause and the injury *on that date*.

Second, plaintiffs' claims against the Group A defendants may be permitted to relate back to either their initial complaint filed in December of 2018 *or* their proposed amended complaint filed in July of 2019.  *See generally Tews v. NHI, LLC*, 2010 WI 137, ¶ 37, 330 Wis. 2d 389, 405, 793 N.W.2d 860 (discussing Wisconsin's relation-back statute).  The statute of limitations is an affirmative defense for which defendants bear the burden of proving, and they have not done so at this point.  Thus, they have not shown that plaintiffs' proposed claims against the Group A defendants are futile.

## ORDER

IT IS ORDERED that:

1) Plaintiffs' motion for leave to file an amended complaint (dkt. #60) is GRANTED.

2) Defendants may have until March 31, 2021, to answer, move or otherwise respond to the operative amended complaint

3) A telephone pretrial conference is set for April 8, 2021, at 1:00 PM before Magistrate Judge Stephen L. Crocker; plaintiffs to initiate the call.

Entered this 10th day of March, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge