IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEWANE D. FRASE, as Special Administrator
of the Estate of Douglas Frase, deceased, &
CAROLE L. FRASE,

      Plaintiffs,

v.

ASHLAND CHEMICAL COMPANY DIVISION
OF ASHLAND, INC.; BP PRODUCTS NORTH
AMERICA, INC.; EXXON MOBIL CORPORATION;
FOUR STAR OIL AND GAS COMPANY (f.k.a. GETTY
OIL COMPANY); SHELL CHEMICAL L.P.; SHELL OIL
COMPANY; SUNOCO (R&M), LLC; TEXACO DOWNSTREAM
PROPERTIES, INC.; & UNION OIL COMPANY OF
CALIFORNIA d/b/a UNOCAL CORPORATION,

      Defendants.

OPINION AND ORDER

19-cv-273-wmc

---

From approximately 1952 until 1992, Douglas Frase was employed at a tire manufacturing facility, during which time he worked with various "benzene-containing products." In April of 2016, Frase was diagnosed with Mylodysplastic Syndrome ("MDS"), from which he died approximately seven months later. According to plaintiffs, Frase's surviving spouse, and his estate's special administrator, Frase's death was the result of his exposure to the benzene-containing products. Because defendants designed, manufactured, and/or sold the products, plaintiffs maintain that they should be held liable under negligence and strict product liability theories for Frase's contracting MDS, suffering and death. Presently before the court is a motion to dismiss by four of the nine defendants in this action, who argue that because plaintiffs failed to serve them timely, they must be

dismissed from this lawsuit. (Dkt. #77.) For the reasons discussed below, the court will deny this motion.

BACKGROUND

On December 28, 2018, plaintiffs filed this products liability action in state court against nine, named defendants. While still in state court, four of the nine defendants moved to dismiss plaintiffs' claims against them due to improper service and lack of personal jurisdiction. These four defendants are Four Star Oil and Gas Company (f.k.a. Getty Oil Company), Shell Chemical L.P., Sunoco (R&M), LLC, and Texaco Downstream Properties, Inc., referred to here as the "Group A defendants." Before this motion had been fully briefed or resolved, however, the remaining defendants removed the case to federal court. These five remaining defendants are Ashland Chemical Company Division of Ashland, Inc., BP Products North America, Inc., Exxon Mobil Corporation, Shell Oil Company, and Union Oil Company of California d/b/a Unocal Corporation, referred to here as the "Group B defendants."

On April 11, 2019, defendants removed this case to federal court, and that same day all defendants moved to dismiss the complaint for failure to state a claim. (Dkts. #1, 4, 6-13.) On May 16, 2019, it also came to the attention of the court that the plaintiffs had not responded to the Group A defendants' pending motions to dismiss for lack of jurisdiction and improper service following removal. (Dkt. #24.) The court then directed the Group A defendants to refile their motions so that they could be tracked by the CM/ECF system (previously, they were attached as exhibits to the notice of removal) and set a briefing schedule. (Dkt. #24.)

Rather than filing an opposition brief to these jurisdictional motions, however, plaintiffs filed a notice that purported to dismiss the Group A defendants under Federal Rule of Civil Procedure 41(a). (Dkt. #41.) Because Rule 41(a) is limited to dismissals of an entire case, the court construed plaintiffs' notice as a motion to amend their complaint and permitted them to dismiss the Group A defendants without prejudice under Rule 15(a)(2). (June 4, 2019, Order.)[1]

On July 25, 2019, without motion or explanation, plaintiffs next filed an amended complaint in which they again named all of the original defendants, including the previously dismissed Group A defendants. (Dkt. #45.) In response to the court's inquiry (dkt. #46), plaintiffs explained that their plan all along had been to dismiss the Group A defendants, then to file an amended complaint adding them back in to perfect service (dkt. #47). The court subsequently ordered plaintiffs to file a motion to seek leave to file their amended complaint (dkt. #49), which plaintiffs did on August 19, 2019 (dkt. #52).

In an order addressing both defendants' motion to dismiss for failure to state a claim and plaintiffs' motion to amend, the court granted the former and denied the latter on the grounds that: (1) plaintiffs' original complaint failed to identify the product at issue adequately; and (2) plaintiffs' proposed amended complaint would be futile since it suffered from the same defect. (Dkt. #59.) However, this dismissal was without prejudice, and plaintiffs' subsequently sought leave to file another amended complaint in which they

---

[1] For some unknown reason, this text order was not formally assigned a docket number, but can be found in the case docket entries between dkt. ##42 & 43.

again named both the Group A and Group B defendants. (Dkt. #60.) The court granted this motion on March 10, 2021. (Dkt. #72.)

On March 31, 2021, the Group A defendants then moved to dismiss the amended complaint, arguing that plaintiffs still had not served them and this lack of timely service leaves the court without personal jurisdiction over them. (Dkt. #77.) Plaintiffs responded that they were "diligently working to prefect service" on the defendants (dkt. #95), and between April 20, 2021, and June 1, 2021, plaintiffs proceeded to file affidavits of service for each of the four Group A defendants (dkts. #94, 96, 99, 100).

OPINION

Under the Federal Rules of Civil Procedure, a plaintiff in a federal lawsuit must ensure that each defendant named in the suit receives a copy of the summons and complaint. Fed. R. Civ. P. 4(b), (c). Service requirements are important as they "provide notice to parties, encourage parties and their counsel to pursue their cases diligently, and trigger a district court's ability to exercise jurisdiction over a defendant." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (internal citations omitted). The time for proper service of process is governed by Federal Rule of Civil Procedure 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

4

Fed. R. Civ. P. 4(m). The same 90-day period "applies where suits are removed to federal court from state court, except that the period commences upon the date of removal." *Cardenas*, 646 F.3d at 1004.

Here, plaintiffs have waived any argument that their first complaint was properly served on the Group A defendants. This is because plaintiffs never responded to the Group A defendants' argument that service was improper, effectively choosing instead to amend their complaint to dismiss them from the suit. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (failure to respond to argument constitutes waiver). The issue at hand, therefore, is whether plaintiffs have now corrected their initial failure to serve by obtaining leave to rename the Group A defendants in an amended complaint and then ultimately serving them.

A closely analogous situation was addressed by the United States Court of Appeals for Seventh Circuit in *UWM Student Ass'n v. Lovell*, 888 F.3d 854 (7th Cir. 2018). In that case, the plaintiffs had also initially filed suit in state court and the case was subsequently removed to federal court. *Id.* at 857. After removal, the district court dismissed a number of defendants because they had not been properly served. *Id.* at 858. Later, the district court gave plaintiffs leave to file an amended complaint, in which plaintiffs attempted to rename most of those same dismissed defendants. *Id.* at 858. Eventually, plaintiffs also filed affidavits showing service on these defendants, although none of the affidavits

5

established service either before removal or within 120 days after removal.[2]  *Id.*  Ultimately, the district court again dismissed the defendants for lack of timely service.  *Id.*

In affirming the district court's decision in *UWM Student Association*, the Seventh Circuit held that a plaintiff must either serve defendants before removal in accordance with the law of the forum state *or* after removal within the period set by Federal Rule of Civil Procedure 4(m).  888 F.3d at 858.  Moreover, the court explained that "filing an amended complaint does *not* restart the clock for serving defendants who are added to an amended complaint after having been dismissed from a prior one."  *Id.* at 859 (emphasis added).  Even so, presumably because this dismissal was without prejudice under Rule 4(m), the Seventh Circuit noted that a district court is required to extend the service window if good cause is shown for the failure to serve timely, and also grants a district court discretion to extend that window even absent good cause.  *Id.*  However, the court of appeals concluded on the facts before it in *UWM Student Association* that the district court's refusal to extend the service window was not required nor an abuse of discretion under Rule 4.  *Id.*

Plaintiffs waived any argument that the original complaint was properly served on the Group A defendants before the case was removed on April 11, 2019, and so plaintiffs had until July 10, 2019 (90 days after removal), to perfect service.  Choosing instead to dismiss the Group A defendants voluntarily on June 3, 2019, plaintiffs did not even attempt to rename those until July 25, 2019, and even then by a legally deficient pleading.

---

[2] Under the version of Rule 4(m) that was in effect during this case, a plaintiff had 120 days to serve a defendant after the complaint is filed or after removal.  *UWM Student Ass'n*, 888 F.3d at 858 (citing Fed. R. Civ. P. 4(m) (2007)).  After a revision in 2015, however, this window was revised to 90 days as explained in the "Background" discussion above.  Fed. R. Civ. P. 4(m) (2015).

6

In fairness, this court did ultimately grant plaintiffs leave to file an amended complaint on March 10, 2021, in which among other things timely renamed the Group A defendants as parties.  As in *UWM Student Association*, however, this amended complaint did not restart the 90-day clock.  Nor have plaintiffs identified *to this day* good cause for their failure to serve the Group A defendants timely.  Accordingly, this court is certainly not *required* under Rule 4 to extend plaintiffs' deadline.

This leaves the question as to whether this court should exercise its discretion to do so.  Again, plaintiffs make no compelling case and the Group A defendants argue reasonably enough that plaintiffs' essentially more than two-year delay in accomplishing service from their original deadline is simply too long to merit bringing them back into this lawsuit.  However, the specific facts of this case warrant keeping the Group A defendants in this suit.  The Group A defendants have clearly been aware of this case since its inception, suggesting that relation back could be appropriate.  Even if the court were to dismiss the Group A defendants under Rule 4(m), it would be without prejudice, potentially giving plaintiffs another opportunity to sue.

More importantly, all defendants in this case, including both Group A and B, have been represented by the same lead counsel, underscoring the joint nature of their defense and substantially reducing any actual prejudice to the Group A defendants being required to defend under whatever schedule the Magistrate Judge should choose to allow this matter to proceed to summary judgment and trial on January 9, 2023.  At this stage and under the unique circumstances of the litigation, therefore, it is most practical *and* more

reasonable to include the Group A defendants despite woefully late service and allow this case to be decided on its merits as to all the named defendants.

Finally, plaintiffs' delay is not without penalty, as the court will be extremely unlikely to grant them any request for further delay in prosecuting their claims, while it will be at least somewhat tolerant of requests for accommodation of the Group A defendants' similar requests based on proof of any *actual* prejudice.

ORDER

IT IS ORDERED that Four Star Oil and Gas Company's (f.k.a. Getty Oil Company), Shell Chemical L.P.'s, Sunoco (R&M), LLC's, and Texaco Downstream Properties, Inc.'s motion to dismiss (dkt. #77) is DENIED.

Entered this 17th day of February, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge